# CIRCUIT COURT OF LOUDOUN COUNTY

Laura C. Lemon

.v.

Dolphas K. Canady

November 14, 1997

Case No. (Law) 18456

BY JUDGE JAMES H. CHAMBLIN

The defendant, Dolphas K. Canady, has filed a Motion for a New Trial on the ground that the jury was erroneously instructed as to his duty to operate his vehicle at a reasonable speed under existing conditions. Because there was sufficient evidence presented at trial to warrant the granting of the instruction, the motion is denied.

The plaintiff, Laura C. Lemon, brought this suit against Mr. Canady as a result of a motor vehicle collision in which the Explorer she was driving was struck in the rear by a pickup truck driven by Mr. Canady. The collision occurred on the afternoon of November 21, 1994, on South Washington Street in Falls Church. The case was tried to a jury on September 15 and 16, 1997. The jury returned a verdict in favor of Mrs. Lemon for $140,000.00.

Over Canady's objection, plaintiff's instruction No. 9 was granted, and it provided in pertinent part:

> The defendant had a duty to use ordinary care: (1) to keep a proper lookout; (2) to keep his vehicle under proper control; and (3) to operate his vehicle at a reasonable speed under the existing conditions.

Only Mrs. Lemon and Mr. Canady testified as to what occurred at the time of the collision. She did not testify as to the speed of Mr. Canady's vehicle, but she did say that when she looked in her rear view mirror just prior to the accident, she saw Mr. Canady's vehicle approaching her "pretty fast." She also

testified that "she could tell by the speed that the truck was coming that it wasn't going to be able to stop." She also testified that the impact "seemed to be a lot of force."

Mr. Canady testified that he was going "normal speed, going regular speed limit."

As to the traffic conditions, Mrs. Lemon testified that she had stopped behind a car making a left hand turn and that she could not turn left to avoid the collision because of an oncoming tractor-trailer.

While Mrs. Lemon testified that she did not notice that the roadway was wet, Mr. Canady testified that it was "pretty wet" and "very slippery." He also testified that he collided with Mrs. Lemon because he momentarily looked away to light a cigarette and because the road was wet.

Mrs. Lemon's testimony about Mr. Canady's vehicle going "pretty fast" just before an impact "that seemed to have a lot of force" does not rule out a speed in excess of the 30 mile per hour speed limit. Therefore, there is evidence for the jury of a speed in excess of the posted speed limit. But even assuming there is no evidence of a speed in excess of the posted speed limit, there is evidence of unreasonable speed.

The jury had evidence of an unreasonable speed under the existing conditions from the testimony of Mr. Canady. He testified that the roadway was "pretty wet" and "slippery." Also, he testified that he "slammed" on his brakes, but the collision still occurred. And finally, he testified, "Well, if the road was dry, I probably would have avoided a collision, but it was too wet." Such evidence created a jury question as to whether Mr. Canady maintained a reasonable speed under the existing conditions.